REBECCA E. NEUBAUER, ESQ. (SBN: 333904)
MORGAN & MORGAN LOS ANGELES, LLP
633 W. 5th Street, Suite 2200
Los Angeles, CA 90071
Telephone: (213) 757-6078
Facsimile: (213) 757-6178
rneubauer@forthepeople.com

Attorneys for Plaintiff,
TANIA LACOUR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIA LACOUR | CASE NO:  5:25-cv-00138-SRM-SHK |
| Plaintiff | |
| v. | FIRST AMENDED COMPLAINT FOR DAMAGES |
| UNITED STATES OF AMERICA; KIARA BRIDGET LIMON; DOES 1 THROUGH 50 | 1. NEGLIGENCE – MOTOR VEHICLE |
| Defendants | |

COMES NOW PLAINTIFF TANIA LACOUR, complaining of Defendants and alleges as follows:

///

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## I.

## JURISDICTION

1. This action is brought pursuant to the Tort Claims Act, 28 U.S.C. §2671 et seq. Jurisdiction is founded on 29 U.S.C. §§1346(b).

## II.

## VENUE

2. Venue is proper in the Central District of California. The motor vehicle accident giving rise to this complaint occurred at the intersection of 2nd Avenue at Foothill Boulevard, in the City of Upland, County of San Bernardino which is within the present judicial district. Plaintiff also resides within this judicial district.

## III.

## PARTIES

3. Plaintiff TANIA LACOUR (hereafter "PLAINTIFF") is and at all relevant times was a resident of San Bernardino County, California.

4. At all times relevant herein, the Defendant THE UNITED STATES OF AMERICA (hereinafter referred to as "USA") is a governmental agency.

5. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOE 1 through DOE 50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names; and when the true names and

**FIRST AMENDED COMPLAINT FOR DAMAGES**

capacities of said Defendants are ascertained, Plaintiff will amend this Complaint accordingly.

6.      Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was negligent and is responsible in some manner for the events and happenings herein referred to and their negligence proximately caused the injuries and damages sustained by Plaintiff as herein alleged, either through said Defendants' own negligent conduct or through the conduct of their agents, servants, or employees, or in some other manner.

7.      At all times relevant herein, each Defendant was the principal, agent, servant, employer, employee, supervisor, assistant, joint venture, co-partner and/or consultant of each other and, at all times relevant hereto was acting within the course and scope of such agency or relationship in the selection and hiring, retention, training and supervision of each and every other Defendant as an agent, employee and/or joint venture. Furthermore, that each said Defendant, while acting as a principal expressly directed, consented to, approved, affirmed, and ratified each and every action taken by his co-Defendants, as hereinafter alleged. Plaintiff is informed, believes, and thereon alleges that said fictitiously named Defendants, thereby proximately causing Plaintiff's injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants or employees, or due to their ownership, rental, use, repair, maintenance of

the vehicle driven by Defendant USA employee Kiara Bridget Limon in the collision.

///

## IV.

## FACTS COMMON TO ALL ACTIONS

8.      On September 23, 2023, Plaintiff TANIA LACOUR was in her vehicle on 2nd Avenue at the intersection of Foothill Boulevard in Upland, California, stopped at a red light.

9.      On September 23, 2023, A United States Postal Service vehicle, driven by Kiara Bridget Limon, was driving in the same direction as Plaintiff in the lane next to her and slightly behind Plaintff's vehicle.

10.     On September 23, 2023, Kiara Bridget Limon unsafely attempted to change lanes, without making sure she had enough space and crashed into the passenger side of Plaintiff's vehicle (hereinafter referred to as the "INCIDENT"). There was one passenger in Plaintiff's vehicle at the time of the INCIDENT.

11.     On September 23, 2023, the driver of the U.S Postal Service Truck, Kiara Bridget Limon, an employee of Defendant USA, drove carelessly, negligently and with extreme recklessness, including, but not limited to, making an unsafe lane change.

12.     In making an unsafe lane change, the driver of the U.S Postal Service Truck, Kiara Bridget Limon, an employee of Defendant USA, carelessly and negligently struck Plaintiff TANIA LACOUR's vehicle.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

13. On June 24, 2024, the Plaintiff submitted a claim for $10,020,000 based on the allegations herein to the United States Postal Service for administrative settlement. On October 3, 2024, the United States Postal Service issued a denial letter to Plaintiff's claim. Accordingly, Plaintiff has complied with the requirements of the Federal Tort Claims Act for the timely filing of claims.

## V.

## FIRST COUNT/CAUSE OF ACTION

## NEGLIGENT OPERATION OF A MOTOR VEHICLE

### (By Plaintiff Against All Defendants)

14. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as though fully set forth herein, and incorporates the same herein by reference.

15. On September 23, 2023, a United States Postal Service (hereinafter referred to as "USPS") truck was operated by a Defendant USA agent or employee, Kiara Bridget Limon as she was in the course and scope of her employment with Defendant UNITED STATES OF AMERICA.

16. The UNITED STATES OF AMERICA employee Kiara Bridget Limon was driving negligently and carelessly, including but not limited to making an unsafe lane change.

17. The UNITED STATES OF AMERICA and its agents and employee acted carelessly, recklessly, unskillfully, unlawfully, tortiously, wantonly and wrongfully entrusted, permitted, managed, serviced,

repaired, inspected, maintained, operated, controlled, and drove the USPS Truck as to proximately cause the same to collide with the vehicle occupied by Plaintiff TANIA LACOUR and her passenger, as aforesaid, thereby proximately causing the injuries and damages hereinafter mentioned.

18.     The UNITED STATES OF AMERICA employee Kiara Bridget Limon was also negligent in failing to keep attentive as to traffic conditions.

19.     As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff was injured about her body and its members and was rendered sick, sore, lame and disabled, and was injured in health, strength and activity, a portion of said injuries being permanent. As a result of said injuries, Plaintiff has had, and in the future will have, physical, mental and emotional pain, suffering, worry and anxiety.

20.     As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff suffered grave and serious mental anguish, fear, anxiety and illness, a portion of said injuries being permanent. As a proximate result of said injuries and damages, Plaintiff has had, and in the future will have, physical, mental and emotional pain, suffering, worry and anxiety.

21.     By reason of said injuries, Plaintiff has incurred, and probably will incur in the future, hospital, surgical, ambulance, medical, nursing and household expenses, all to her further damage.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

22.    By reason of said injuries, Plaintiff was unable to do her usual work for a period of time, has been unable to do a portion of her work since that time, will be partially disabled in the future and has sustained damage to their future earning capacity, all to her damage, according to proof.

23.    By reason of said injuries, Plaintiff has sustained damage to her future earning capacity, all to her further damage, according to proof.

## IX.

## PRAYER

WHEREFORE, Plaintiff demands the following relief, jointly and severally, against all the Defendants;

(a)    For damages for injuries sustained due to the negligence of the UNITED STATES OF AMERICA, U.S. POSTAL SERVCE's agent DOES 1-50 and employees, including past and future medical expenses, lost wages, loss of earning capacity, pain and suffering, mental anguish, and all other appropriate damages resulting from her injuries in the sum of $10,020,000.00;

(b)    Costs of suit necessarily incurred herein; and

(c)    Such further relief as the Court deems just or proper.

DATE: March 19, 2025    MORGAN & MORGAN LOS ANGELES, LLP

By:_____
REBECCA E. NEUBAUER
Attorneys for Plaintiff,
TANIA LACOUR

**FIRST AMENDED COMPLAINT FOR DAMAGES**